IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01614-REB-KLM

FERNANDA L. RIVERA,

    Plaintiff,

v.

SOUTH METRO HOUSING OPTIONS,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court sua sponte. Plaintiff is proceeding pro se. On review of the docket, the Court must address three outstanding issues.

**A.    Whether Teresita Reyes Is Legal Guardian of Fernanda L. Rivera**

    Teresita Reyes ("Reyes") has signed all documents submitted in this matter on Plaintiff's behalf by stating "/s/ Teresita Reyes FOR FERNANDA RIVERA." *See Compl.* [#1][1] at 27; *Application to Proceed in District Court Without Prepaying Fees or Costs* [#2] at 1; *Motion to Appoint Legal Counsel* [#9] at 1; *Am. Compl.* [#11] at 5; *Response* [#17] at 1. To the Court's knowledge, the first official notice on the docket stating that Ms. Reyes is legal guardian of Plaintiff occurred in the Response [#17] to Defendant Fort Collins Housing Authority's Motion to Dismiss [#14]. There, Ms. Reyes stated, "COMES NOW, the

---

[1] [#1] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Order.

Plaintiff FERNANDA L. RIVERA, by and through her Court Appointed legal guardian, Teresita Reyes . . . ." *Response* [#17] at 1. Plaintiff has not provided any documentation to the Court verifying this assertion. In federal court, a pro se litigant may not be represented by another pro se individual. *See* 28 U.S.C. § 1654; *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (stating that "[t]his is so because the competence of a layman is clearly too limited to allow him to risk the rights of others" (citation and internal quotation marks omitted)). However, if Ms. Reyes is indeed Plaintiff's legal guardian, she may continue to litigate on Plaintiff's behalf. *See, e.g.*, *Mills v. Lee*, 221 F.3d 1352, at *1 (Table) (10th Cir. July 14, 2000) ("Teresa Mills Mohler . . . filed this pro se complaint on behalf of and as legal guardian of Fred Mills, [her] disabled father. . . . [S]ince Teresa alleges she is her father's legal guardian, she may appeal on his behalf.").

Accordingly,

IT IS HEREBY **ORDERED** that, **on or before October 26, 2015**, Ms. Reyes shall file proof that she is legal guardian of Plaintiff.[2]

## B.   Whether Fort Collins Housing Authority Is a Defendant in This Matter

On July 29, 2015, Plaintiff filed a Complaint [#1] naming one Defendant, Fort Collins Housing Authority. On August 6, 2015, the Clerk of Court directed the United States Marshal to serve a copy of the Complaint and Summons on Fort Collins Housing Authority. *See* [#8]. On August 17, 2015, Plaintiff filed a second Complaint, naming only South Metro Housing Options as a Defendant. *See* [#11]. On August 25, 2015, the original Summons was returned executed by Fort Collins Housing Authority, which thereafter filed a Motion

---

[2] This proof may consist of a copy of the Letters of guardianship issued by the applicable court.

to Dismiss [#14]. In her Response [#17] to the Motion to Dismiss, Plaintiff lists both Fort Collins Housing Authority and South Metro Housing Options as Defendants. Thus, it would appear that Plaintiff's intent is to sue both entities in this matter, although she does so in two separate Complaints [#1, #11]. However, the Court will not permit piecemeal adjudication of Plaintiff's case. Rather, Plaintiff must include all claims she seeks to bring and all defendants she intends to name in the same proposed Amended Complaint.

Accordingly,

IT IS FURTHER **ORDERED** that, **on or before November 2, 2015**, Plaintiff shall do one of the following: (1) inform the Court that she only seeks to assert claims against Fort Collins Housing Authority, as she does in the initial Complaint [#1]; (2) inform the Court that she only seeks to assert claims against South Metro Housing Options, as she does in the second Complaint [#11]; **or** (3) file an amended complaint that includes both Fort Collins Housing Authority and South Metro Housing Options, along with all claims and allegations she seeks to bring against them at this time.[3]

**C.   Whether Legal Counsel Should be Appointed for Plaintiff**

Plaintiff has also filed a Motion to Appoint Legal Counsel [#9]. The Motion merely states that Plaintiff is "elderly and disabled" and has "limited means and cannot afford cost of legal representation." At various other places in the record, Ms. Reyes has stated on behalf of Plaintiff that Plaintiff is eighty-eight years old, bedridden, and has been diagnosed with Alzheimer's disease and dementia. *Compl.* [#1] at 2; *Application to Proceed in District Court Without Prepaying Fees or Costs* [#2] at 2, 5. Plaintiff proceeds in this matter in

---

[3] Ms. Reyes must first file proof that she is the legal guardian of Plaintiff before filing any Amended Complaint. *See supra § A.*

forma pauperis.  *Order* [#4].

The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so.  The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel.  Placement on this list does not mean that a plaintiff will automatically receive counsel.  Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent her.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of her case on the list, a pro se plaintiff remains responsible for litigating her case herself.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.  *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present her claims herself; and (4) the

complexity of the legal issues raised). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

With this information in mind, the Court will permit Plaintiff to file a Supplement to Motion to Appoint Legal Counsel. In this Supplement, Plaintiff must provide additional **specific** information regarding Ms. Rivera's inability to represent herself, including her mental and physical condition, which the Court must consider when determining whether to appoint counsel. Plaintiff's Supplement shall be made under oath and notarized in accordance with Colorado law.

Accordingly,

IT IS FURTHER **ORDERED** that, **on or before November 6, 2015**, Plaintiff shall file a Supplement to Motion to Appoint Legal Counsel, discussing the information requested above.

Dated: October 14, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge