IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01614-REB-KLM

FERNANDA L. RIVERA,

    Plaintiff,

v.

SOUTH METRO HOUSING OPTIONS, and
FORT COLLINS HOUSING AUTHORITY,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Appoint Legal Counsel** [#9][1] and on Defendant Fort Collins Housing Authority's **Motion to Dismiss** [#14].  On October 14, 2015, the Court directed Plaintiff to (1) provide proof that Teresita Reyes ("Reyes") is legal guardian of Plaintiff, (2) clarify which entities are Defendants in this matter, and (3) file a Supplement to Plaintiff's Motion to Appoint Legal Counsel.  *Order* [#18].  Plaintiff promptly complied with this Order on October 22, 2015, by filing (1) Proof of Legal Guardianship [#20], (2) an Amended Complaint [#19] naming two Defendants, and (3) a Supplement to Plaintiff's Motion to Appoint Legal Counsel [#21, #22].

    Based on the filing of the Amended Complaint [#19],

    IT IS HEREBY **ORDERED** that the Motion to Dismiss [#14] is **DENIED as moot**.

---

[1] "[#6]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

*See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Because Plaintiff proceeds in forma pauperis, *see Order* [#4],

IT IS FURTHER **ORDERED** that the United States Marshal shall serve the Summons and Amended Complaint [#19] on, or obtain a waiver of service from, Defendant South Metro Housing Options.[2]

In accordance with D.C.COLO.LAttyR 15, the Court hereby determines that Plaintiff Fernanda L. Rivera merits appointment of counsel drawn from the Civil Pro Bono Panel. The Court is satisfied that the following factors and considerations have been met:

1) the nature and complexity of the action;

2) the potential merit of the pro se party's claims;

3) the demonstrated inability of the pro se party to retain counsel by other means; and

4) the degree to which the interests of justice will be served by appointment of

---

[2] Defendant Fort Collins Housing Authority was served on August 20, 2015. *Summons* [#13].

-2-

counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Appoint Legal Counsel [#9] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk shall select, notify, and appoint counsel to represent the pro se litigant in this civil matter.[3]

Dated: October 23, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[3] Plaintiff is reminded that placement on this list does not mean that she will automatically receive counsel. Rather, placement on the list results in representation being secured only if an attorney volunteers to represent her. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of her case on the list, Plaintiff remains responsible for litigating this case herself.